IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bruce Allen Buckner,<br><br>                      Plaintiff,<br><br>v.<br><br>Scott Harris,<br><br>                      Defendant. | C/A No.: 1:25-cv-12802-JFA<br><br><br>**MEMORANDUM OPINION AND ORDER** |

## I.    INTRODUCTION

Plaintiff, Bruce Allen Buckner ("Plaintiff"), proceeding *pro se*, filed this civil action alleging violations of his constitutional rights by Scott Harris, Clerk of the Court for the United States Supreme Court. The action is brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28

---

[1] *Bivens* established that victims of some constitutional violations perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

U.S.C. § 1915(e)(2)(B)(i), (ii). Accordingly, the Magistrate Judge reviewed Plaintiff's complaint and prepared a thorough Report and Recommendation ("Report"). (ECF No. 10). Within the Report, the Magistrate Judge opines that this action is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id*. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed two sets of objections to the Report, (ECF Nos. 14 & 18), thus this matter is ripe for review. Plaintiff also filed with this Court, since the issuance of the Report, a Motion to Add Information to his Motion to Change Venue, (ECF No. 15), a Second Motion to Add Information to his Motion to Change Venue, (ECF No. 19), a Motion requesting Defendant be served within 90 days, (ECF No. 20), a Motion requesting Service of Summons and Complaint, (ECF No. 23), and a second Motion requesting Service of Summons and Complaint. (ECF No. 24). Additionally, Plaintiff has filed letters with this Court referencing discovery motions he wishes to file in other cases and proposed subpoenas for persons he wishes to be brought to Court if this matter proceeds to trial. (ECF Nos. 22 & 25).

For the reasons discussed in the Report and below, the Court adopts the Report (ECF No. 10), and Plaintiff's motions pending before this Court (ECF Nos. 15, 19, 20, 23 & 24) are dismissed as moot.

**II.     STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Federal Rule of Civil Procedure 72(a) governs appeals from rulings of a magistrate judge on non-dispositive matters:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. Proc. 72(a).

Rule 72(a), and its statutory companion, *see* 28 U.S.C. § 636(b)(1), place limits on a party's ability to seek review of a magistrate judge's non-dispositive order. Specifically, the district court is required to "defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law." *Allen v. Sybase, Inc.,* 468 F.3d 642, 658 (10th Cir.2006) (emphasis added) (quoted authority omitted).

A decision is clearly erroneous when, following a review of the entire record, a court "is left with the definite and firm conviction that a mistake has been committed." *United*

4

*States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948). A decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.,* 592 F.Supp.2d 1087, 1093 (N.D.Iowa 2008).

"Although the 'contrary to law' standard permits plenary review of legal conclusions, decisions related to discovery disputes and scheduling are accorded greater deference." *Abdullah-Malik v. Bryant*, No. 1:14-cv-109, 2014 WL 4635567, at *1 (D.S.C. Sept. 15, 2014) (quoting *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011)).

### III. DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report and therefore a full recitation is unnecessary here. (ECF No. 10). In short, Plaintiff alleges Defendant falsified records and failed to file documents Plaintiff submitted in his capacity as Clerk of the Court for the United States Supreme Court. (ECF No. 1, p. 7). He alleges this failure to file documents violates his right of access to the Court and renders Defendant a co-conspirator to a cover up of a Fourth Amendment violation related to Plaintiff's 2020 arrest and subsequent criminal conviction. Additionally, Plaintiff seeks a change in venue, (ECF No. 4), requesting the recusal of Magistrate Judge Shiva V. Hodges, District Judge Terry Wooten, and Clerk of Court Robin Blume.[2]

---

[2] District Judge Terry Wooten is not assigned to this case, and Clerk of Court Robin Blume is not a Judge and is therefore also not assigned to this case. Accordingly, any discussion of Plaintiff's Motion for Change of Venue will focus on Magistrate Judge Shiva V. Hodges, the Magistrate Judge assigned to this matter.

The Report recommends the matter be summarily dismissed because Plaintiff's claims against Defendant concern actions taken in his capacity as Clerk of Court, for which he is protected by quasi-judicial immunity, and the Court lacks authority to compel the Supreme Court or its Clerks to take any action. (ECF No. 10, p. 4). Further, the Report denies Plaintiff's Motion to Change Venue because a Judge's assignment to a litigant's case is not a proper reason to transfer venue. *Id.* at 8-9. The Report also denies Plaintiff's Motion to Suppress. (ECF No. 5).

Plaintiff raises two issues in his objections. (ECF Nos. 14 & 18). First, Plaintiff objects to the Report's recommendation his case be summarily dismissed by challenging Defendant's immunity. *Id.* Second, Plaintiff takes issue with the denial of his Motion to Change Venue. *Id.* Thus, this Court finds one specific objection regarding Defendant's immunity and interprets Plaintiff's issue with the denial of his Motion to Change Venue as an appeal of the Magistrate Judge's order. Both the objection and appeal are fully addressed herein.

Objection

In his objections, Plaintiff argues that "[w]hen Scott Harris violated 18 USCA § 1519, Destruction, alteration, or falsification of records in Federal investigation and bankruptcy, he became a criminal and lost immunity."[3] (ECF Nos. 14 & 18). This statement is interpreted as an objection to the Report's conclusion that this matter be summarily

---

[3] The documents attached to Plaintiff's complaint reveal only that Defendant advised Plaintiff the Supreme Court denied the writs of certiorari. (ECF No. 1-2).

dismissed because Defendant, being sued in his official capacity as Clerk of the Supreme Court of the United States, is entitled to quasi-judicial immunity.

Plaintiff's objection fails to provide a substantive challenge to the Report's conclusion. The Report provides a thorough and accurate discussion of the law surrounding quasi-judicial immunity. (ECF No. 10, pgs. 3-5). Importantly, "[i]t is well-settled that court support personnel have immunity from a claim for damages and injunctive relief arising out of their judicial actions." (ECF No. 10, p. 3-4) (citations omitted). Plaintiff's argument that Defendant's alleged violation of the law disqualifies his entitlement to quasi-judicial immunity is legally defective. Such a proposition is not true. Rather, this situation is the scenario for which the extension of immunity to court personnel was made. *See Kincaid v. Vail* 929 F.2d 594, 601 (7th Cir. 1992) (internal quotation marks and citation omitted) (finding the doctrine of quasi-judicial immunity was adopted and made applicable to court support personnel because of "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]").

Accordingly, Plaintiff's objection is overruled.

<u>Appeal</u>

In his objections, Plaintiff states "I object to Magistrate Judge Shiva Hodges being assigned to this case under 28 USCA § 455." (ECF Nos. 14 & 18). He alleges that Magistrate Judge Hodges, District Court Judge Terry Wooten, and Clerk of Court Robin Blume have all "been named co-conspirators with Scott Harris under 42 USCA § 1985." *Id.* This "objection" has been construed as an appeal of the Magistrate Judge's denial of

his Motion to Change Venue. The Report provides a thorough and accurate recitation of the grounds which may prompt a Judge's recusal under 28 U.S.C. § 455. Plaintiff takes issue with Magistrate Judge Hodge's failure to recuse herself due to her serving as a Magistrate Judge in the cases listed by Plaintiff. (ECF No. 4). In his arguments and subsequent filing of a Motion to Add Information to his Motion for Change of Venue, Plaintiff avers that Magistrate Judge Hodges "took $804 dollars of [his] stimulus money for filing fees and failed to have the U.S. Marshal[s] serve the defendant with the summons or the Complaint, which violated Rule 4 Summons (a)(1)(E), (F), (G), (E)(1), (3) and (m)." (ECF No. 15, p. 1). He further alleges "Magistrate Judge Shiva Hodges willfully violated her own Stay in Civil proceeding in collateral case Buckner v. Carsto, case number: 0:20-cv-03253-TLW-SVH, by issuing reports and recommendation to dismiss these cases with prejudice, causing [Judge Wooten] to violate these cases under Rule 4 Summons (m), which requires those cases to be dismissed without prejudice because the defendants were not served." *Id.* at 1-2.

Plaintiff's arguments and subsequent Motion to Add Information to his Motion for Change of Venue fail to show the Magistrate Judge's Order denying the Motion to Change Venue was clearly erroneous. Plaintiff fails to point to anything in the record or elsewhere that raises an appearance of impartiality by Magistrate Judge Hodges. Rather, Plaintiff merely points to an instance where Magistrate Judge Hodges presided over a matter and produced a Report and Recommendation unfavorable to Plaintiff's position. Such an observation does not present a proper reason to transfer venue.

Accordingly, Plaintiff's first objection is overruled and his appeal of the Magistrate Judge's denial of his Motion to Transfer Venue (ECF No. 4) is denied.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 10). For the reasons discussed above and in the Report, this matter is summarily dismissed without prejudice.

Consequently, the two pending Motions to Add information to Motion to Change Venue (ECF Nos. 15 & 19), and the pending motions regarding service of the summons and complaint (ECF Nos. 20, 23, & 24) are terminated as moot.

IT IS SO ORDERED.

December 30, 2025          Joseph F. Anderson, Jr.
Columbia, South Carolina   United States District Judge